**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**SCHUYLER HORTON,**

                              **Plaintiff,**

    vs.                                                 **5:17-CV-45
                                                                  (MAD/ATB)**

**BOARD OF EDUCATION OF THE SHERBURNE-
EARLVILLE CENTRAL SCHOOL DISTRICT;
ERIC A. SCHNABL,** *Superintendent of Schools of the
Sherburne-Earlville Central School*; **and SUSAN T.
WESTLING,**

                              **Defendants.**

_____

**APPEARANCES:**                             **OF COUNSEL:**

**O'HARA, O'CONNELL & CIOTOLI, LLP**     **STEPHEN CIOTOLI, ESQ.**
7207 East Genesee Street
Fayetteville, New York 13066
Attorneys for Plaintiff

**OFFICE OF FRANK W. MILLER**             **FRANK W. MILLER, ESQ.**
6575 Kirkville Road                               **CHRISTOPHER M. MILITELLO, ESQ.**
East Syracuse, New York 13057
Attorneys for Defendant Board of Education
and Eric A. Schnabl

**HANCOCK & ESTABROOK, LLP**            **WHITNEY M. KUMMEROW, ESQ.**
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Attorneys for Defendant Susan T. Westling

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action on January 16, 2017, asserting two claims pursuant to 42

U.S.C. § 1983, arising out of a student disciplinary proceeding that occurred while Plaintiff was a

student of the Sherburne-Earlville Central School District (the "District") during the 2014-2015 school year. *See* Dkt. No. 1. The complaint alleges that Plaintiff was deprived substantive and procedural due process by the imposition of an out of school suspension after Plaintiff was found in a superintendent's hearing held pursuant to New York Education Law § 3214 to have committed acts that violated the District's student code of conduct. Plaintiff alleges that he was deprived of his property interest in receiving his education without due process. Plaintiff also contends that he was deprived of his liberty interest in his good name and reputation by wrongfully suspending him from school without due process. Finally, Plaintiff alleges that Defendants' conduct resulted in a violation of his substantive due process rights.

On March 9, 2017, Defendants Board of Education of Sherburne-Earlville Central School District and Eric A. Schnabl, as Superintendent of Schools, ("Defendants") moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for dismissal of the complaint in its entirety. *See* Dkt. No. 15.[1] After the motion was fully briefed, on April 20, 2017, the Court held oral argument. As set forth below, Defendant Schnabl and the Board of Education's motion for judgment on the pleadings is granted and they are dismissed from this action.

## II. BACKGROUND

According to the complaint, Plaintiff was a student of the District who was suspended from school through the remainder of the 2014-2015 school year. *See* Dkt. No. 1-8 at ¶ 8. Plaintiff's suspension was initially imposed following a hearing held pursuant to New York Education Law § 3214 on November 13, 2014, at which Defendant Susan Westling, Esq., presided as hearing officer. *See id.* at ¶¶ 11-21. Upon receiving notice of Defendant Schnabl's

---

[1] On April 14, 2017, Defendant Whitling moved for judgment on the pleadings. *See* Dkt. No. 26. Since that motion is not yet fully briefed, it was not addressed during oral argument.

decision to suspend Plaintiff after the November 13 hearing, Plaintiff requested that the hearing be reopened to consider additional evidence. *See id.* at ¶¶ 20-23. The District granted Plaintiff's request and a second day of testimony was held on January 27, 2015 during which additional evidence was entered into evidence and Plaintiff, who was represented by counsel, was provided the opportunity to testify in his defense. *See id.* After the rehearing, Defendant Westling issued supplemental findings of fact and recommendations and ultimately confirmed the findings and penalty recommended after the November hearing. Defendant Schnabl accepted Defendant Westling's recommendations and confirmed the suspension by letter dated January 29, 2015. *See id.* at ¶ 22.

Thereafter, Plaintiff appealed Defendant Schnabl's decision to the Board of Education, which heard the appeal on February 9, 2015. *See id.* at ¶ 24. The Board upheld the suspension to the end of the school year. *See id.*

On February 16, 2015, Plaintiff appealed these adverse decisions to the New York State Commissioner of Education ("Commissioner"). *See* Dkt. No. 15-5 at 1-19. On October 5, 2015, Plaintiff sent a letter to the Commissioner indicating that, since Plaintiff graduated in June of 2015, the appeal is now moot. *See* Dkt. No. 22 at 19. As such, Plaintiff indicated that he wished to "withdraw this appeal, without prejudice, and [would] proceed in Federal Court where his constitutional claims may be heard." *Id.* In a letter dated October 8, 2015, the Commissioner accepted Plaintiff's request to discontinue his appeal. *See id.* at 22.

On January 16, 2017, Plaintiff commenced this action alleging procedural and substantive due process violations. *See* Dkt. No. 1. Currently before the Court is Defendant Schnabl's and the Board's motion for judgment on the pleadings.

### III. DISCUSSION

**A.    Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are

4

"plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.     Procedural Due Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property without due process of law, and 'those who seek to invoke its procedural protection must establish that one of these interests is at stake.'"  *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (quoting *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)) (other citation omitted).  "'[S]tandard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient.'"  *Id.* (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011)).

"Protected property interests 'are not created by the Constitution.'"  *Hughes v. City of N.Y.*, ___ F. Supp. 3d ___, 2016 WL 3541545, *5 (E.D.N.Y. 2016) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)).  "Instead, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'"  *Id.* (quotation and other citation omitted); *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002)).  The Second Circuit has found

5

that New York Education Law § 3202 creates a property interest in a public education. *See Handberry v. Thompson*, 446 F.3d 335, 353 (2d Cir. 2006) (citations omitted). As such, a student such as Plaintiff has a protected property interest in his education, meaning that he could not have been deprived of that right without due process of law. *See Cohn v. New Paltz Cent. Sch. Dist.*, 363 F. Supp. 2d 421, 432 (N.D.N.Y. 2005) (citation omitted). Here, Plaintiff also contends that he was deprived of the liberty interest in his good reputation with due process.

"In *Goss v. Lopez*, 419 U.S. 565, 573, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975), the Supreme Court held that students facing a ten-day suspension must be given some kind of notice and afforded some type of hearing." *Cohn*, 363 F. Supp. 2d at 433. "The Court stated that the hearing could be held immediately following the incident and be informal." *Id.* "However, the Supreme Court did caution 'suspensions or expulsions for the remainder of the school term, or permanently, may require more formal procedures.'" *Id.* (quoting *Goss*, 419 U.S. at 584, 95 S. Ct. 729).

"Constitutionally, due process 'requires that individuals have "notice and opportunity for a hearing appropriate to the nature of the case" prior to a deprivation of life, liberty, or property.'" *Cohn*, 363 F. Supp. 2d at 433 (quoting *Rosa R. v. Connelly*, 889 F.2d 435, 438 (2d Cir. 1989)) (other citation omitted). "'Notice must be reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Rosa R.*, 889 F.2d at 439) (other quotation omitted).

Moreover, it is well-established in the context of disciplinary proceedings, such as those at issue here, that post-discipline due process provides sufficient due process to satisfy the requirements of the Fourteenth Amendment. *See Cohn*, 363 F. Supp. 2d at 433. As such, the availability of an adequate, post-deprivation hearing will preclude a procedural due process claim. *See id.* (citations omitted); *see also Storey v. Morris*, No. 7:16-cv-206, 2017 WL 933212, *3

6

(N.D.N.Y. Feb. 1, 2017 ) (citing cases finding that the plaintiff failed to plausibly allege a procedural due process claim because of the availability of an Article 78 proceeding); *Richardson v. Capt. Van Dusen*, 833 F. Supp. 146, 153 (N.D.N.Y. 1993) ("[E]ven when assuming that the Superintendent's Hearing was conducted in [a] manner that deprived plaintiff of his due process rights, the process afforded the plaintiff in the Article 78 proceeding cured any defect in the original hearing").

In *Cohn v. New Paltz Sch. Dist.*, 363 F. Supp. 2d 421 (N.D.N.Y. 2005), a high school student asserted, among other things, a due process claim against the school in connection with his suspension for misconduct. As the court noted, the defendants "contend[ed] that it is well established in the context of disciplinary proceedings that post-discipline due process provides sufficient due process to satisfy the requirements of the Fourteenth Amendment." *Id.* at 433 (citation omitted). The court agreed, and held that the plaintiff had failed to state a cause of action under Section 1983 for violation of his procedural due process rights because of the availability of the procedural safeguards of an Article 78 proceeding to challenge any disciplinary decision. *See id.* at 433-34. Both the Second Circuit and the district courts throughout the circuit have reached the same conclusion. *See also S.C. v. Monroe Woodbury Cent. Sch. Dist.*, No. 11–CV–1672, 2012 WL 2940020, *10 (S.D.N.Y. July 18, 2012) (an Article 78 proceeding is "itself a sufficient post-deprivation remedy" precluding a procedural due process claim for review of decisions by school administrators); *DeFabio v. E. Hampton Union Free Sch. Dist.*, 658 F. Supp. 2d 461, 491 (E.D.N.Y. 2009) (granting summary judgment on due process claim based on long-term suspensions because the plaintiffs received initial hearing and "plaintiffs also could have resorted to an Article 78 proceeding"), aff'd, 623 F.3d 71 (2d Cir. 2010); *Bogle–Assegai v.*

7

*Bloomfield Bd. of Educ.*, 467 F. Supp. 2d 236, 243 (D. Conn. 2006) (same), aff'd, 312 Fed. Appx. 435 (2d Cir. 2009).

Although Plaintiff argues that this should not be the result in the present matter, he provides no authority in support of his position. The Court agrees with this well-settled case authority which holds that Article 78 is an adequate post-deprivation remedy in state court for resolving disputes over discipline in public schools.

Plaintiff contends that an Article 78 proceeding was not an adequate post-deprivation remedy in the present matter. Specifically, Plaintiff asserts that he withdrew his appeal to the Commissioner because he was about to graduate and, therefore, the issue was moot and would have been rejected. The Court disagrees. In *Appeal of Duffy*, the respondents argued that the appeal was moot because the student had already served his five day suspension. *See Appeal of Duffy*, Dec. No. 13,718, 36 Educ. Dept. Rep. 257 (1996). Although the Commissioner agreed that he will only decide "matters in actual controversy and will not render a decision on a state of facts which no longer exist or which subsequent events have laid to rest . . .," the Commissioner found that a live controversy remained because the disciplinary action remained on the student's record. *See id.*

Here, in his appeal to the Commissioner, Plaintiff not only requested a temporary stay of his suspension pending resolution of the appeal, but also that the Commissioner "vacate and annul the decision of the Board of Education and the Superintendent being erroneous, arbitrary and contrary to the credible evidence, and granting such other and further relief as the Commissioner deems just and proper." Dkt. No. 15-5 at 18-19. As in *Duffy*, since Plaintiff was seeking to have the decisions of the Board of Education and Superintendent vacated and annulled, the fact that he had already served his suspension and graduated did not moot the appeal since a favorable

8

decision from the Commissioner could have removed the disciplinary action from Plaintiff's record.

Similarly, an Article 78 proceeding was available to provide Plaintiff his requested relief. Although the Article 78 court certainly could not provide Plaintiff with reinstatement after he graduated, it could have ordered Plaintiff's record expunged. As the Second Circuit has noted, Article 78 is an amalgam of the common law writs of certiorari to review, mandamus, and prohibition. *See Hellenic Am. Neighborhood Action Committee v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). It provides a hearing and means of redress for petitioners and, in such a proceeding, constitutional issues can be decided. *See id.* (citation omitted). While Plaintiff correctly indicated at oral argument that he would not be able to obtain damages through an Article 78 proceeding, both the Second Circuit and Supreme Court have held that an "Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." *Id.* (citing *Hudson v. Palmer*, 468 U.S. at 535, 104 S. Ct. at 3204–05).

Where, as here, Article 78 gave Plaintiff a meaningful opportunity to challenge his academic suspension, he was not deprived of due process simply because he failed to avail himself of the opportunity. *See id.* (citation omitted). In certain situations where the alleged violations are systemic, and not isolated and random, the availability of an Article 78 proceeding does not bar a procedural due process claim. *See Reyes v. County of Suffolk*, 995 F. Supp. 2d 215, 228 (E.D.N.Y. 2014). Plaintiff, however, has not asserted such a systemic claim. Rather, Plaintiff's complaint makes clear that he is simply attacking the propriety of the decisions of the Superintendent and School Board, which is exactly the type of claim barred by the availability of an Article 78 proceeding. *See id.*

As to Plaintiff's liberty interest claim, even assuming that Plaintiff suffered a deprivation of a liberty interest under his "stigma-plus" theory, as with his property interest claim, the liberty interest claim is subject to dismissal. Not only was he provided with all the process he was due, there was an adequate post deprivation procedure to remedy the alleged deprivation, *i.e.*, an Article 78 proceeding. *See Attallah v. New York Coll. of Osteopathic Medicine*, 94 F. Supp. 3d 448, 455 (E.D.N.Y. 2015).

Based on the foregoing, the Court grants Defendant Schnabl and the Board of Education's motion for judgment on the pleadings as to Plaintiff's procedural due process claims.

**C.    Substantive Due Process**

Generally, to establish a substantive due process violation, a plaintiff must (1) identify the constitutional right at stake and (2) demonstrate that the government's action were conscience-shocking or arbitrary in the constitutional sense. *See Little v. City of New York*, 487 F. Supp. 2d 426, 443 (S.D.N.Y. 2007) (citing *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994)). The "shock the conscience" standard is not easily met; the plaintiff must show that the government's conduct was "'egregious'" and "'outrageous,'" not "not merely incorrect or ill-advised." *Ferran v. Town of Nassau*, 471 F.3d 363, 369-70 (2d Cir. 2006) (quotation omitted).

To satisfy his or her burden, a plaintiff must demonstrate that the defendant's actions were "so egregious, so outrageous, that [they] may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *see also Matican v. City of New York*, 524 F.3d 151, 158 (2d Cir. 2008). In *Lewis*, the Supreme Court noted that intentionally inflicted injuries are the "most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849. On the other end of the spectrum, the Supreme Court has emphasized that "negligently inflicted harm is categorically beneath the threshold of constitutional due process."

*Id.*; *see also Okin*, 577 F.3d at 431 (distinguishing between intentionally inflicted harms, which are likely to rise to conscience shocking level, and negligently inflicted harms, which cannot constitute conscience-shocking behavior).

The Supreme Court has addressed school discipline cases and commented that, "[i]t is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion.... § 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations." *Wood v. Strickland*, 420 U.S. 308, 326 (1975); *see also Bd. of Educ. v. McCluskey*, 458 U.S. 966 (1982).

To the extent that Plaintiff's complaint can be read to assert a claim for a violation of his substantive due process rights, the Court finds that the claim must be dismissed. Plaintiff has failed to plead any facts plausibly suggesting conduct so egregious as to constitute a violation of substantive due process. In his complaint, Plaintiff acknowledges that he was provided with two-pre-deprivation hearings and was permitted the opportunity to testify on his own behalf. While Plaintiff criticizes the decisions of Defendant Westling, Schnabl, and the Board, he fails to allege any conduct sufficiently egregious to plausibly allege a substantive due process claim. *Chandrapaul v. City Univ. of New York*, No. 14 Civ. 790, 2016 WL 1611468, *25 (E.D.N.Y. Apr. 20, 2016). Quite simply, assuming the truth of the well pled allegations in the complaint, Plaintiff fails to allege conduct that transgressed the "outer limit" of legitimate governmental action or that is fairly viewed as so "brutal" and "offensive to human dignity" that it shocks the conscience. *See Cohn*, 363 F. Supp. 2d at 434 (citations omitted).

Accordingly, the Court grants Defendant Schnabl and the Board of Education's motion for judgment on the pleadings as to Plaintiff's substantive due process claim.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Schnabl and the Board of Education's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**;[2] and the Court further

**ORDERS** that the Clerk of the Court shall terminate Defendant Schnabl and the Board of Education from this action; and the Court further

**ORDERS** that Defendants' letter motion (Dkt. No. 23) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 21, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] The Court did not address Plaintiff's claims against Defendant Westling in this Memorandum-Decision and Order because her motion is not yet fully briefed. The Court notes, however, that the allegations in support of Plaintiff's claims against Defendant Westling are nearly identical to those in support of the claims against Defendants Schnabl and the Board of Education.